United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30434

_____

LOUIS SAHUC,

Plaintiff-Appellee-Cross-Appellant,

versus

LEE TUCKER and SYED ZEESHAN MOHIUDDIN,

Defendants-Appellants-Cross-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
No. Civ. A. 02-3759

_____

Before GARWOOD, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Sahuc appeals from a judgment that Defendant Tucker's photograph, *Breaking Mist*, did not infringe upon Sahuc's copyrighted work, *Decatur Street Gate*. Defendants Tucker and Mohiuddin appeal the district court's decision not to award them attorney's fees. Having read the briefs, reviewed the record, and heard oral arguments, we affirm for the following reasons:

1. Copyright infringement claims require proof of "actionable

_____

[*]  Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

copying," which has two elements: (1) factual copying and (2) substantial similarity between the two works. *E.g.*, *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 368 (5th Cir. 2004). We agree with the district court's conclusion that the two photographs at issue are not substantially similar.

2. Awarding attorneys fees is the "rule rather than the exception" in copyright cases. *Id.* at 381. Nonetheless, recovery is not automatic. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). We might agree with Defendants that this case falls within the general rule if we were deciding this issue in the first instance. But the decision to award attorneys fees to a prevailing party in a copyright case is committed "to the discretion of the *district courts*." *Id.* at 538 (emphasis added). Accordingly, our standard of review is abuse of discretion. *See Positive Black Talk*, 394 F.3d at 380. The district court set forth the governing legal standard and analyzed proper factors to guide its discretion. The court's findings and analysis are substantially the same as those made by the same district court in another copyright case in which this Court upheld the decision to refuse attorney's fees. *Id.* at 382. In light of our deferential standard of review, we are persuaded, as was the Court in *Positive Black Talk*, that the district court did not abuse its discretion.

AFFIRMED